AO 243 (Rev. 5/85)   **MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT**
SDNY Web 5/99   **SENTENCE BY A PERSON IN FEDERAL CUSTODY**

B-02-187

| **United States District Court** | District<br>Southern District of Texas | |
|---|---|---|
| Name of Movant<br>Inocencio Lara Trujillo | Prisoner No.<br>BOP-11249-179 | Case No.<br>1:01CR00295-001 |
| Place of Confinement<br>Eden Detention Center, PO.BOX 605, Eden, Texas 76837 | | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

UNITED STATES OF AMERICA    V. INOCENCIO LARA TRUJILLO   SEP 1 6 2002

(name under which convicted)

CLERK, U.S. DISTRICT COURT
By _____
United States District   Deputy

6-02CV 079 C

### MOTION

1. Name and location of court which entered the judgment of conviction under attack

   Court For The Southern Division Brownsville, Texas.

2. Date of judgment of conviction    October 5, 2001

3. Length of sentence    Sixty (60) months sentence

4. Nature of offense involved (all counts)    Alien Unlawfully found in the United States

   after deportation having previously convicted of felony. Aggravated

   felony in violation of 8 U.S.C. 1326 (a)and (b)(2). Twenty (20)

   years imprisonment and / or $ 250.000.00 fine, three (3) years SRT.

5. What was your plea?    (Check one)
   (a)  Not guilty    ☐
   (b)  Guilty    ☒
   (c)  Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   I plead guilty of one count only, being illegally alien found

   in the United States after deportation in violation of 8 U.S.C.

   1326 (a).

6. If you pleaded not guilty, what kind of trial did you have?    (Check one)
   (a)  Jury    ☐
   (b)  Judge only    ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

United States District Court
Southern District of Texas
FILED

SEP 2 6 2002

Michael N. Milby
Clerk of Court

(2)

AO 243 (Rev. 5/85) SDNY Web 5/99

9.  If you did appeal, answer the following:

    (a) Name of court    United States Court of Appeals for the Fifth Circuit

    (b) Result Affirmative because they did not find merit for my appeal in accordance with Anderson v. California 386-738 (1967).

    (c) Date of result    May 8, 2002

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☒

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

AO 243 (Rev. 5/85) SDNY Web 5/99

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐          No ☒
(2) Second petition, etc.          Yes ☐          No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The INS Form which incorrectly state, that I will be guilty of felony if I do return to the United States illegally after deported.
Supporting FACTS (state briefly without citing cases or law) The INS Form I-294 which stated in part that: If you wish to return to the United States. I must write to this office or to the American Consulate Office nearest your resident abroad. As to how to obtain permission to return after deportation in such a form did not clearly says, that I will be guilty of felony if I return illegally to the United States.

B. Ground two: On September 30, 1996, Congress enacted a New Law an Immigration Reform.

Supporting FACTS (state briefly without citing cases or law): Congress plainly did not intented to apply the enacted new law sentencing for a crimes, that has been committed before the statute enactment section of the newly law provide.

C. Ground three: My prior felony conviction is not basic on a violence crime or eiher drug trafficked.

Supporting FACTS (state briefly without citing cases or law): I was charged with a indictment of Transport and SEll Controlled Substances (cocaine) on Sept. 1993. And I was finally convicted of one count of Sell 3.0z cocaine on August 25, 1994, was 11th Eleven months after been fighting my case and that can be verify by requesting the proper documentation or transcript of such a conviction case # AB077775 dated August 25, 1994, LA Supreme Court.

(5)

AO 243 (Rev. 5/85) SDNY Web 5/99

D. Ground four: <u>My sentence was exceeding the maximum statutory for</u> <u>that illegally re-entry offense</u>

Supporting FACTS (state *briefly* without citing cases or law) <u>In my case the sixty (60) months</u> <u>sentence .It exceed the statutory maximum sentence</u> <u>prescribed for that offense of illegally re-entry to the</u> <u>United States.</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing

(b) At arraignment and plea

(c) At trial

(d) At sentencing

(6)

**Ground one:**
On September 30, 1966, Congress enacted the Immigration Reform and Immigration Responsibility Act of 1966, IIRIRA Pub. L. No 104-208.


**Supporting FACTS:**
Congress plainly did not intent to IIRIRA apply sentencing for a crimes committed before the statute enactment section 321 (c ) of IIRIRA provides.

**Ground two:**
The I.N.S. Form, which incorrectly stated that, I will be guilty of felony if I return illegally after deportation.

**Supporting FACTS:**
The I.N.S. Form I-294, which stated in part that should you wish to return to the United States you must write to the American Consular Office nearest your resident abroad as to how obtain permission to return after deportation. But in Title 8 U.S.C. section 1326 it says, that any person who's returning without submitting permission from the Attorney General after deported is guilty of felony if is convicted he / or her may be punished by imprisonment term of not more than two (2) years and or a fine of not more than $1,000.00 or both.

**Ground three:**
My Criminal History is not basic on a violence crime or either drug trafficked.


**Supporting FACTS:**
In a opinion by Judge Terry G. Smith, congress was defining a of term of art one's that includes all violence crimes punished by imprisonment. Term exceeded one (1) year including certain misdemeanors, congress employed definition in section U.S.C. 1101 (A) (43).

**Ground four:**
My sentence of sixty (60) months violated "due process" because it exceed the statutory maximum sentence for the 1326 offense.

**Supporting FACTS:**
My indictment charged me with a violation of 8 U.S.C. 1326 by being in the United States illegally after deportation Section 1326 (a) offense punished by term of imprisonment. Not to exceed Two (2) years Section 1326 (B)(2) increased the maximum imprisonment to Twenty (20) years if the deportation occurred subsequent to a conviction for Aggravated Felony. And than 1326 (b) (2) defined a separated offense, which a prior aggravated felony conviction is a element of l326 (A) violation and I was subjected to the maximum punishment of Two (2) years imprisonment. And than my Sixty (60 ) months sentence violated "due process" I contend that construing l326 (b)(2) as a sentence enhancement provision render the statute unconstitutional.

AO 243 (Rev. 5/85)

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
63201540l

I declare under penalty of perjury that the foregoing is true and correct. Executed on

**September 04, 2002**
_____
(date)

_____
Signature of Movant